## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| S.G. and T.G. by and through their<br>adoptive mother, AMY GARCIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13 C 5405 |
| | ) | |
| RICHARD H. CALICA, Director of the<br>Illinois Department of Children and<br>Family Services, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant's motion to dismiss. For the reasons stated below, the motion to dismiss is granted in part, and the remaining state law claims are dismissed without prejudice.

## BACKGROUND

Plaintiff Amy Garcia is the adoptive mother of S.G., age 14, and T.G., age 13, and is bringing the instant action on behalf of S.G. and T.G.. Plaintiff contends that S.G. and T.G. require mental health treatment. Plaintiff indicates that she previously brought an action against DCFS in case number 13 C 4974, and that she agreed to dismiss the claims brought against DCFS based on DCFS's promise in a settlement

1

agreement (Settlement Agreement) entered into in July 2013 to pay for the medically

necessary long-term residential care for S.G. and T.G. Relying upon the alleged

promise by DCFS, Plaintiff allegedly enrolled S.G. and T.G. to Change Academy at

Lake of the Ozarks (CALO), a residential treatment facility in Lake of the Ozarks,

Missouri. DCFS, however, has allegedly refused to pay for the treatment at CALO.

Plaintiff brought the instant action and includes in her complaint a breach of contract

claim (Count I), Medicaid Act, 42 U.S.C. § 1396 *et seq.* claims (Counts II and III),

an injunctive relief claim (Count IV), and an Americans with Disabilities Act of

1990 (ADA), 42 U.S.C. § 12101 *et seq.* claim (Count V). Defendant now moves to

dismiss the instant action.


**LEGAL STANDARD**

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil

Procedure 12(b)(6) (Rule 12(b)(6)), the court must draw all reasonable inferences

that favor the plaintiff, construe the allegations of the complaint in the light most

favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in

the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th

Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir.

2002). A plaintiff is required to include allegations in the complaint that "plausibly

suggest that the plaintiff has a right to relief, raising that possibility above a

'speculative level'" and "if they do not, the plaintiff pleads itself out of court."

*E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir.

2

2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007));

*see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive

a motion to dismiss, the complaint must contain sufficient factual matter, accepted as

true, to state a claim to relief that is plausible on its face," and that "[a] claim has

facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct

alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations

omitted).


## DISCUSSION

Defendant moves to dismiss the instant action for lack of subject matter

jurisdiction.  Defendant also moves in the alternative to dismiss the claims in Counts

II, III, and V, based on a failure to state a claim upon which relief can be granted.


I.  Medicaid Act Claims

Defendant argues that Plaintiff fails to state a claim under the Medicaid Act.

Defendant contends that DCFS is not the state agency entrusted with the

administration of the Medicaid Act in Illinois.  Plaintiff alleges in the complaint that

Defendant violated the Medicaid Act by failing to provide necessary benefits, and by

failing to have proper procedures, practices, and policies to ensure that the Medicaid

Act is properly administered.  (Compl. Par. 27-30).  The Medicaid Act provides that

a state must designate a "single State agency to administer or to supervise the

administration of the" Medicaid Act. 42 U.S.C. § 1396a(a)(5). As Plaintiff

acknowledges in the complaint, in Illinois the Department of Healthcare and Family

Services (HFS) is the sole state agency designated to administer the Medicaid Act

program and distribute Medicaid Act funds. (Compl. Par. 9); *see also N.B. ex rel.*

*Buchanan v. Hamos*, 2012 WL 1953146, at *1 (N.D. Ill. 2012)(indicating that HFS is

the sole agency responsible for administration of Medicaid in Illinois). Plaintiff

alleges in the complaint that Defendant is the Director of DCFS. (Compl. 1).

Plaintiff does not allege that Defendant works for HFS or has been delegated

authority by HFS. The court can also take judicial notice of the public record that

DCFS and HFS are separate state agencies. *General Elec. Capital Corp. v. Lease*

*Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997)(stating that a court can "take

judicial notice of matters of public record without converting a motion for failure to

state a claim into a motion for summary judgment"). Therefore, since the allegations

in the complaint fail to suggest that Defendant had the authority to control the

administration of Medicaid or the disbursement of Medicaid funds, Defendant's

motion to dismiss the Medicaid claims (Counts II and III) is granted.


II.  ADA Claim

Defendant argues that Plaintiff has failed to allege sufficient facts to state a

valid ADA claim. A private plaintiff generally has the right to assert an ADA claim

for injunctive relief against a state official in federal court. *See, e.g., Radaszewski ex*

*rel. Radaszewski v. Maram*, 383 F.3d 599, 606-07 (7th Cir. 2004). Pursuant to Title

II of the ADA, the Attorney General has promulgated a regulation providing that "[a]
public entity shall administer services, programs, and activities in the most integrated
setting appropriate to the needs of qualified individuals with disabilities." *Id.*
(internal quotations omitted)(quoting 28 C.F.R. § 35.130(d)). In the instant action,
Plaintiff is complaining about the refusal to pay for the care at CALO. However,
Plaintiff cites no precedent indicating that DCFS had any statutory right to make
such a payment. *See N.B. ex rel. Buchanan*, 2012 WL 1953146, at *2 (indicating
that in Illinois, HFS is "tasked by the State to provide streamlined access to
integrated services to those with serious mental illness or developmental
disabilities"). As indicated above, in regard to funds such as Medicaid funds, DCFS
is not the statutory appointed agency that administers such funds. Plaintiff's
contention that DCFS is obligated to pay for the care at CALO is premised on an
alleged contractual obligation under the Settlement Agreement. Such a contractual
obligation is not a valid basis to support an ADA claim. *See Shapo v. Engle*, 463
F.3d 641, 643 (7th Cir. 2006)(indicating that a district court cannot retain jurisdiction
to enforce a settlement agreement after the entry of final judgement);
*Dupuy v. McEwen*, 495 F.3d 807, 809 (7th Cir. 2007)(explaining that in *Shapo* the
Court held "that when a suit is dismissed with prejudice, it is gone, and the district
court cannot adjudicate disputes arising out of the settlement that led to the dismissal
merely by stating that it is retaining jurisdiction"); *Grossinger Motorcorp., Inc. v.
Thomas*, 2013 WL 1787825, at *3 (N.D. Ill. 2013)(indicating that the plaintiff could
bring a breach of contract claim in state court to enforce the settlement agreement at

issue); *Tineybey v. Jumper*, 2012 WL 1965391, at \*1 (C.D. Ill. 2012)(explaining that "[a] claim for breach of a settlement agreement is a state law claim, not a federal claim"). Therefore, under Rule 12(b)(6), Plaintiff has failed to state a valid ADA claim.

III.  Remaining Claims

Defendant argues that the court lacks subject matter jurisdiction over the remaining state law claims.  Defendant contends that the court lacks jurisdiction to enforce the terms of the settlement agreement and that such claims are barred by the Eleventh Amendment.  Plaintiff argues that this court has supplemental jurisdiction of the breach of contract claim relating to the Settlement Agreement.  (Ans. Mot. 6).

Once the federal claims in an action no longer remain, a federal court has discretion to decline to exercise supplemental jurisdiction over any remaining state law claims.  *See Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251-52 (7th Cir. 1994)(stating that "the general rule is that, when all federal-law claims are dismissed before trial, the pendent claims should be left to the state courts").  The Seventh Circuit has indicated that there is no "'presumption' in favor of relinquishing supplemental jurisdiction. . . ."  *Williams Electronics Games, Inc. v. Garrity*, 479 F.3d 904, 906-07 (7th Cir. 2007).  The Seventh Circuit has stated that, In exercising its discretion, the court should consider a number of factors, including "the nature of the state law claims at issue, their ease of resolution, and the actual, and avoidable,

6

expenditure of judicial resources. . . ."  *Timm v. Mead Corp.*, 32 F.3d 273, 277 (7th Cir. 1994). The court has considered all of the pertinent factors and, as a matter of discretion, the court declines to exercise supplemental jurisdiction over the remaining state law claims.  The instant action is in the initial pleading stage and there is not sufficient justification to proceed solely on the remaining state law claims.  The breach of contract claim and injunctive relief claims are therefore dismissed without prejudice.

Although Plaintiff has attempted to make this a federal case by referencing various federal statutes in the complaint, the true essence of this case relates to a disagreement as to whether Defendant is complying with its alleged contractual obligations under the Settlement Agreement.  Such a contractual dispute does not belong in federal court merely because the settlement was entered into in a federal court proceeding.  *See Leforge v. BAC Home Loans Servicing, LP*, 2013 WL 1296788, at *2 (S.D. Ind. 2013)(stating that "[t]he [p]laintiffs' remedy for a breach of the settlement agreement is to bring an action for breach of contract in state court —'a state claim belonging in state court'")(quoting in part *Ventre v. Datronic Rental Corp.* 482 Fed.Appx. 165, 169 (7th Cir. 2012)).

## CONCLUSION

Based on the foregoing analysis, Defendant's motions to dismiss the Medicaid Act claims (Counts II and III), and the ADA claim (Count V) are granted.  Plaintiff's

breach of contract claim (Count I) and claim for injunctive relief (Count IV) are dismissed without prejudice.


Samuel Der-Yeghiayan
United States District Court Judge


Dated:   October 29, 2013